**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVE SATTLER,** *as Trustee of the Sattler Family Trust*, | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-01492-SH** |
| | § | |
| **MARCUS & MILLICHAP CAPITAL CORPORATION and MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF NEVADA, INC.,** | § § § § § | |
| *Defendants* | § | |

## <u>ORDER</u>

Before the Court are Defendant Marcus & Millichap Real Estate Investment Services of Nevada, Inc.'s Motion to Dismiss, filed December 14, 2023 (Dkt. 5); Plaintiff Steve Sattler's Response, filed January 12, 2024 (Dkt. 15); and Marcus & Millichap's Reply, filed January 19, 2024 (Dkt. 17).[1]

### I.    Background

Plaintiff Steve Sattler, a resident of Omaha, Nebraska, sues Defendants Marcus & Millichap Capital Corporation ("MMCC") and Marcus & Millichap Real Estate Investment Services of Nevada, Inc. (Marcus & Millichap), both California corporations. Sattler filed this case in Texas state court and Marcus & Millichap removed it to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(a). Dkt. 1.

Sattler alleges that he contracted with Defendants to represent him as his real estate broker in the purchase of property in Austin, Texas, and elsewhere ("Broker Contract"). Plaintiff's First Amended Petition, Dkt. 1-7 ¶ 7. Sattler alleges that on July 22, 2022, he contracted with nonparty

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

Soltani Syndicate Group, LLC to buy a property at 1304 McKie Drive, Austin, Texas 78752 ("Property") for $6 million ("Purchase Contract"). *Id.* ¶¶ 9-10. Sattler alleges that one of Defendants' Dallas-based agents, Tim Speck, was his broker on the real estate transaction. *Id.* ¶ 9.

Sattler alleges that under the Broker Contract, "Defendants were to perform due diligence relating to the Property during the 30-day feasibility/financing period to ensure that no information existed that would impact Plaintiff's potential income of profits from the Property." *Id.* ¶ 11. After the option period for the Purchase Contract expired, Sattler alleges, he discovered a land use restrictive agreement ("LURA") that "greatly impacted the profits and income Plaintiff expected to realize from the Property and made the Property worth far less to Plaintiff than the Commercial Contract Price." *Id.* ¶ 13. Sattler alleges that Defendants failed to discover the LURA in the Property's public records during their due diligence and did not discover other relevant facts that would have affected his decision to buy the Property. *Id.* ¶¶ 14-15. Sattler alleges that he tried to cancel the Purchase Contract but could not without forfeiting $150,000 in earnest money to Soltani. *Id.* ¶ 16.

In his First Amended Petition, Sattler asserts claims for negligence, breach of contract, and breach of fiduciary duty against Defendants and seeks to recover his $150,000 in earnest money, incidental and consequential damages, attorney's fees, and costs.

## II.    Legal Standard

One of the two Defendants, Marcus & Millichap, moves for dismissal under Rule 12(b)(6), arguing that Sattler fails to state a plausible breach of contract claim under Texas law. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain

sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information the Court considers generally is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.    Analysis

To state a claim for breach of contract in Texas, a plaintiff must plead: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff because of the breach. *Burbridge v. CitiMortgage, Inc.*, 37 F.4th 1049, 1051 (5th Cir. 2022). The complaint "must assert enough facts that make it plausible" that each element of a breach of contract claim is met. *Provision Grp., Inc. v. Crown Toxicology, Ltd.*, No. 5:16-CV-1291-DAE, 2017 WL 11221433, at *3 (W.D. Tex. Oct. 19, 2017).

Marcus & Millichap argues that Sattler does not allege sufficient facts to satisfy the first and third elements of his breach of contract claim. First, it contends that Sattler fails to plead the existence of a contract because he provides "only vague and conclusory statements" about the alleged Broker Contract. Dkt. 5 at 1, 4. Sattler neither attached a copy of the contract to his First Amended Petition nor referred to the agreement's name, date, and concrete terms. *Id.* at 4.

Courts ordinarily do not require a Plaintiff alleging breach of contract to attach a copy of the contract to his Complaint. *Hernandez v. Newell*, No. 1:21-cv-322-TBM-RPM, 2023 WL 223183, at *2 (S.D. Miss. Jan. 17, 2023) (collecting cases); *White v. Frontier Airlines, Inc.*, No. A-16-CV-1266-AWA, 2018 WL 2976989, at *2 (W.D. Tex. June 13, 2018). Omitting details like the name and date of an agreement is not grounds for dismissal under Rule 12(b)(6) because the complaint need only "identify the material terms of the . . . agreement and put the proper parties on notice of its contents." *TEU Servs., Inc. v. Inventronics USA, Inc.*, No. SA-16-CV-01023-RCL, 2018 WL 3338217, at *6 (W.D. Tex. Feb. 5, 2018).

In his First Amended Petition, Sattler alleges that he contracted with Defendants to serve as his real estate broker, to perform due diligence on the Property, and to identify any information that would negatively affect its value. Dkt. 1-7 ¶¶ 7, 11.[2] These allegations are specific enough to put Marcus & Millichap on notice of Sattler's claim. *Kem Constr., Ltd. v. Colossal Contracting, LLC*, No. SA-23-CV-01038-XR, 2024 WL 1747651, at *6 (W.D. Tex. Apr. 23, 2024). At the motion to dismiss stage, Sattler's pleadings, taken as true, plausibly allege the existence of a contract between him and Marcus & Millichap.

---

[2] In his response brief, Sattler also refers to a "Letter of Intent" sent to Soltani, which he argues describes Marcus & Millichap's responsibilities in the alleged contract. Dkt. 15-1. The Letter of Intent sets out the terms of Sattler's Purchase Contract for the Property, but is not an agreement signed by any representatives of Marcus & Millichap. Because Sattler does not attach or refer to this Letter of Intent in his First Amended Petition, the Court may not consider it at the Rule 12(b)(6) stage. *Walker*, 938 F.3d at 735.

As for the third element, Marcus & Millichap contends that Sattler does not adequately plead breach because he does not "point to a specific provision in the contract that was breached." Dkt. 5 at 4 (quoting *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014)). This is not required at the motion to dismiss stage. "While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity." *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021). Instead, "fairly generic allegations as to the nature of the breach can satisfy the pleading requirements under Rule 8(a)." *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 399-400 (W.D. Tex. 2023). Sattler alleges that Marcus & Millichap had a contractual obligation to perform due diligence and "ensure that no information existed that would impact Plaintiff's potential income of profits from the Property." Dkt. 1-7 ¶ 11. Because Sattler alleges that Marcus & Millichap did not perform due diligence by failing to identify the LURA, he alleges sufficient facts to plead breach. *Id.* ¶ 14.

In sum, Sattler alleges that (1) the Broker Contract existed, (2) he performed his obligations under the contract, and (3) Defendant breached the contract by not discovering the LURA, (4) damaging Sattler by making the Property worth less than its contracted price. The Court finds that Sattler plausibly alleges a breach of contract claim under Texas law.

## IV.    Order

Defendant Marcus & Millichap Real Estate Investment Services of Nevada's Motion to Dismiss (Dkt. 5) is **DENIED**.

**SIGNED** on May 15, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE